UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

REBECCA TRUMAN,

    Plaintiff(s),

v.

ANDREW SAUL,

    Defendant(s).

Case No.: 2:18-cv-02129-KJD-NJK

**REPORT AND RECOMMENDATION**

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 18. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket No. 19. Plaintiff filed a reply. Docket No. 20. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.   STANDARDS**

    A.   <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in

controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ____, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which

the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522, 416.921,

416.922. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity.  20 C.F.R. §§ 404.1520(e), 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  Social Security Rulings ("SSRs") 96-8p.[1]  In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. §§ 404.1529 and 416.929.  To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record.  SSR 16-3p.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009).  They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW").  20 C.F.R. §§ 404.1520(f), 416.920(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.  If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g).  If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.     BACKGROUND**

A.     Procedural History

On December 9, 2014, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging a disability onset of August 22, 2008.  *See, e.g.*, Administrative Record ("A.R.") 225-32.  Plaintiff's claims were denied initially on October 9, 2015, and upon reconsideration on February 2, 2016.  A.R. 144-53, 158-67.  On February 17, 2016, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ").  A.R. 168-69. On May 11, 2017, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Cynthia Hoover.  *See* A.R. 35-69.  On November 20, 2017, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the decision.  A.R. 12-34.  On August 31, 2018, the ALJ's

decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  A.R. 1-6.

On November 5, 2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  *See* Docket No. 1.

B.      The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920.  A.R. 15-28.  At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2009, and has not engaged in substantial gainful activity since August 22, 2008.  A.R. 17.  At step two, the ALJ found that Plaintiff has the following severe impairments:  degenerative disc disease; arthritis of the hip; bilateral carpal tunnel syndrome, right greater than left; obesity; affective disorders.  A.R. 18.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  A.R. 18-20.  The ALJ found that Plaintiff has the residual functional capacity to perform

> light work as defined by 20 CFR 404.1567(b) and 416.967(b) except: she can lift and carry twenty pounds occasionally and ten pounds frequently, stand for six hours in an eight-hour workday, and sit for six hours in an eight-hour day; she can never climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs; she can occasionally balance, stoop, kneel, crouch, and crawl; she can handle and finger occasionally with her right upper extremity; she can handle and finger frequently with her left upper extremity; she can have no exposure to cold temperatures or hazards; she is limited to simple work; she is limited to occasional contact with the public.

A.R. 20-25.  At step four, the ALJ found Plaintiff is not capable of performing past relevant work.  A.R. 27.  At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity.  A.R. 27-28.  In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 at the time of the alleged disability onset date with at least a high school education and ability to communicate in English.  A.R. 27.  The ALJ found the transferability of job skills to be immaterial.  A.R. 27.  The ALJ considered Medical Vocational Rules, which provide a framework for finding

Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a laminator, routing clerk, and price marker. A.R. 27-28.

Based on all of these findings, the ALJ found Plaintiff not disabled and denied the applications for a period of disability and disability insurance benefits and supplemental security income. A.R. 28.

**III.     ANALYSIS AND FINDINGS**

The primary issue on appeal is whether the ALJ properly evaluated Plaintiff's mental health limitations.[2] Plaintiff raises several instances of alleged error, including that the ALJ improperly discounted her own testimony and that the ALJ improperly rejected the medical opinion of her treating psychiatrist, Dr. Michelle Lisoskie. The Court will address those two issues below in turn.

    A.     <u>Plaintiff's Testimony</u>

Plaintiff argues that the ALJ erred in discounting her own testimony. Mot. at 12-16; *see also* Reply at 4-7. The Commissioner argues that the ALJ provided sufficient reasons for discounting that testimony that were supported by substantial evidence. Resp. at 7-11. Plaintiff has the better argument.

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to his pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* SSR 16-3p. In the absence of evidence of malingering, an ALJ may only reject the individual's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning an individual's functional limitations. *See* SSR 16-3p. If an ALJ's determination to discount this testimony is supported by substantial

---

[2] Plaintiff makes passing reference to some physical limitations. *See, e.g.*, Mot. at 15. The Court addresses herein only well-developed arguments.

7

evidence, the courts should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

In this case, the ALJ articulated several reasons for discounting Plaintiff's testimony, at least some of which are faulty. The ALJ made a foundational finding that Plaintiff's testimony was inconsistent with the medical record, which the ALJ indicated showed that Plaintiff "consistently had normal mental status examining findings" with respect to memory, thought content, attention, concentration, judgment, and insight. A.R. 26 (discounting Plaintiff's testimony). Plaintiff argues that the ALJ erred in reaching that conclusion because it takes aspects of the medical record out of context without accounting for countervailing findings. *See, e.g.*, Mot. at 13. The Court agrees. The ALJ's characterization of consistently normal mental status findings is not supported by substantial evidence. Instead, the ALJ's own citations to the record show a mix of findings on mental status that include ample instances of abnormal findings. *See* A.R. 624 (abnormal thought process, attention, concentration, and judgment);[3] A.R. 630 (abnormal thought process, attention, concentration, and judgment); A.R. 1753 (abnormal judgment); A.R.1757 (abnormal judgment);[4] A.R. 1761 (abnormal judgment and insight); A.R. 1763 (abnormal attention, concentration, insight, and judgment, as well as tangential thought process); A.R. 1765 (abnormal judgment and insight, as well as thought process with some tangentiality and thought content with irritability and depression); A.R. 1810 (abnormal thought process);[5] *see also* A.R. 622 (mildly tangential thought process with a written arrow between the normal and abnormal boxes); A.R. 626 (finding normal but tangential thought process, providing a marking between normal and abnormal with respect to judgment, and providing a marking of both normal and abnormal with respect to attention and concentration); A.R. 1747 (including a marking between normal and abnormal with respect thought process with a notation that it is tangential and also

---

[3] The memory finding in this instance is unclear as neither normal nor abnormal is checked. *See* A.R. 624.

[4] The insight finding in this instance is unclear, as a check is made between normal and abnormal. *See* A.R. 1757.

[5] The memory finding in this instance is unclear, as a check is made that covers both normal and abnormal with a notation of "recent c/o problem." A.R. 1810.

8

including a marking between normal and abnormal with respect to attention and concentration with a notation that there is some distractibility). In short, the record includes abundant instances of abnormal findings, in addition to instances of normal findings. The ALJ's assertion that the mental status findings were "consistently" normal is erroneous.

This factual error also led to analytical error. The Ninth Circuit has developed a robust body of law regarding the dynamic nature of mental health conditions. That a person who suffers from severe mental health issues makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in the workplace. *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). Instead, the Ninth Circuit has recognized that "[c]ycles of improvement and debilitating symptoms are a common occurrence," such that an ALJ cannot discount attestations of impairment "merely because symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *see also Attmore v. Colvin*, 827 F.3d 872, 878 (9th Cir. 2016) ("It is the nature of bipolar disorder that symptoms wax and wane over time"). While a conflict between treatment notes and testimony or opinions remains a legally sound reason to discount that testimony or opinion, an ALJ may not seize on isolated inconsistencies without also accounting for aspects of the treatment records that are consistent. *Holohan*, 246 F.3d at 1205; *see also Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014); *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1200-01 (9th Cir. 2008). The ALJ must instead analyze seemingly inconsistent references in the treatment notes "in context of the overall diagnostic picture" that the provider has drawn. *Holohan*, 246 F.3d at 1205. In this case, that holistic analysis did not take place. Instead, the ALJ made passing reference to the existence of abnormal findings, A.R. 23, and then proceeded to discount them without meaningful explanation based on the existence of normal findings at other times. Such an approach is inconsistent with the Ninth Circuit's case law.

In short, the ALJ erred in finding without substantial evidence that Plaintiff's mental status findings were consistently normal and further erred by not conducting a holistic analysis to determine if Plaintiff's testimony is inconsistent with the medical record when viewed in the context of the overall diagnostic picture.

The ALJ also provided other reasons for discounting Plaintiff's testimony, such as her daily activities and poor work history. *See* A.R. 26. Where other factors relied upon by the ALJ could potentially suffice to affirm her decision, courts turn to a harmless error analysis. *See, e.g.*, *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). An error is harmless in this context when a reviewing court can "confidently conclude" that an error was "inconsequential to the ultimate nondisability determination." *Id.* In this case, the error identified above is a foundational one that may have impacted the ALJ's ultimate conclusion. The same error may impact other aspects of the ALJ's decision to discount Plaintiff's testimony, such as her daily activities. *See, e.g.*, *Ghanim*, 763 F.3d at 1162 (holding that evaluation of daily activities also requires a "holistic review of the record"). As such, the undersigned cannot say with confidence that any error on this issue was a harmless one.

### B. Opinion of Dr. Lisoskie

The parties next dispute whether the ALJ erred in discounting the opinion of Plaintiff's treating psychiatrist, Dr. Lisoskie. Plaintiff argues that the ALJ erred with respect to Dr. Lisoskie's opinion by, *inter alia*, erroneously finding that it was consistent with her treatment notes that "usually" included normal mental status examination findings. *See* Mot. at 18; *see also* A.R. 25. The Commissioner argues that there was no error on this front and, alternatively, any error would be harmless. *See* Resp. at 4-7. Plaintiff has the better argument.

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Even when not controlling, such opinions are entitled to deference and must be weighed properly pursuant to applicable regulations. *See, e.g.*, *id.* Nonetheless, the opinion of a treating physician is not necessarily conclusive as to the existence of an impairment or the ultimate issue of a claimant's disability. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). If a treating doctor's opinion is contradicted by another doctor, the ALJ may reject the treating doctor's opinion by providing "specific and legitimate reasons"

supported by substantial evidence in the record. *See, e.g.*, *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

In this case, the ALJ rejected Dr. Lisoskie's opinion almost entirely on the basis that it was contradicted by consistent findings of normal mental status. A.R. 25.[6] As noted above, that conclusion was not supported by substantial evidence. Moreover, the ALJ did not conduct a holistic analysis of the record to show that the notations in the record of normal findings are sufficient to discount Dr. Lisoskie's opinion given the abnormal findings.

The Commissioner next argues that any error in not giving more weight to Dr. Lisoskie's opinion is harmless error because the jobs available to Plaintiff would be unchanged in any event. *See* Resp. at 5-6, 7. As Plaintiff points out, however, the vocational expert testified that hypotheticals incorporating limitations described by Dr. Lisoskie would render no work available that such a person could perform. *See* Reply at 2; *see also* A.R. 66-67. As such, the undersigned cannot say with confidence that any error on this issue was a harmless one.

C.     Appropriate Relief

Plaintiff seeks an award of benefits. *See* Mot. at 18-19. This is not one of the "rare" cases in which the undersigned finds such relief to be appropriate because there is no useful purpose in remanding. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). Instead, the better course is to remand to the ALJ to conduct a holistic review of the record.[7]

---

[6] The ALJ also notes that Plaintiff denied having suicidal ideation, delusions, paranoia, or hallucinations. *See* A.R. 25. The Commissioner does not argue on appeal that the lack of those attributes is sufficient, standing alone, to discount Dr. Lisoskie's opinion.

[7] The undersigned declines to address the other issues raised on appeal, the resolution of which would not alter the appropriate relief.

## IV. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 18) be **GRANTED in that the case should be remanded for further proceedings**, and that Defendant's Cross-Motion to Affirm (Docket No. 19) be **DENIED**.

Dated: November 27, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).